S06Y0114. IN THE MATTER OF WILLIAM W. GARDNER.
(621 SE2d 427)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Report and Recommendation of a special master who was appointed following the filing of a Formal Complaint by the State Bar. The Formal Complaint alleged, and the special master found, that Respondent William W. Gardner violated Rules 1.3, 1.4 and 1.16 (d) of the Rules of Professional Conduct, which are found in Bar Rule 4-102 (d). The special master recommends imposition of the maximum penalty of disbarment for Gardner's violations. We agree.

The State Bar filed a Formal Complaint against Gardner who has been a member of the Bar since 1979. Despite acknowledging service of the Formal Complaint, Gardner failed to respond and the following facts were deemed admitted by the special master pursuant to Bar Rule 4-212 (a): a client hired Gardner in September 2003 to represent her regarding claims arising from construction defects in her home; the client paid Gardner $2,500 as an advance retainer but Gardner performed no work on the client's claim; in response to her repeated inquiries into the status of her case, Gardner repeatedly acknowledged to the client that he had yet to begin work but assured her that he would do so promptly; despite his assurances, he failed to take any action with regard to the client's claim and never contacted her again; by so doing, he essentially terminated his attorney-client relationship with the client, but did not officially withdraw from representing her; and although Gardner never earned any portion of the advanced retainer the client paid to him, he failed to refund any portion of those funds.

Considering the entire record, we find that Gardner knowingly violated Rules 1.3, 1.4 and 1.16 (d) of Bar Rule 4-102 (d) and that his client sustained injury or potential injury as a result of his violation of his duty to her. We find no mitigating circumstances and note in aggravation that Gardner has prior disciplinary offenses. See *In the Matter of Gardner*, 265 Ga. 482 (458 SE2d 355) (1995) (imposing upon Gardner a six-month suspension with conditions on reinstatement for violations of Standards 22, 44 and 68 of former Rule 4-102 (d)). Accordingly, we accept the recommendation of the special master that disbarment is the appropriate sanction in this case and order that the name of William W. Gardner be removed from the rolls of persons

entitled to practice law in the State of Georgia. Gardner is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 24, 2005.

*William P. Smith III, General Counsel State Bar, Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.